UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STAG WILLIAMSPORT, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>BHN ASSOCIATES, LLC, FIRST AMERICAN TITLE INSURANCE COMPANY, and *in rem* against CERTAIN FUNDS HELD IN ESCROW BY THE BOSTON OFFICE OF FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>                    Defendants. | Case No.:<br><br>Assigned Judge:<br><br>**NOTICE OF REMOVAL** |

**TO:     United States District Court**
**        District of Massachusetts**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant BHN ASSOCIATES, LLC ("BHN") submits this Notice of Removal from the Suffolk County Superior Court, Commonwealth of Massachusetts, in which the above-captioned matter is now pending, to the United States District Court for the District of Massachusetts.

In support of said Notice, BHN states as follows:

**PROCEDURAL HISTORY**

1.      This action involves an alleged Purchase and Sale Agreement ("PSA"), dated June 7, 2021, between BHN and Plaintiff STAG WILLIAMSPORT, LLC ("STAG" or "Plaintiff"), concerning the purchase of property located at 3300 Wahoo Drive, Williamsport, Pennsylvania (the "Property"). STAG alleges that it is entitled to the release of $450,000 deposited by BHN into escrow with Defendant FIRST AMERICAN TITLE INSURANCE COMPANY ("First American," and together with BHN, "Defendants") as "Earnest Money" and

"Extension Fees." A copy of the Complaint filed in Massachusetts state court (the "Complaint") is attached hereto as **Exhibit A**.

2.      First American filed an Answer to the Complaint on November 29, 2021, a copy of which is attached as **Exhibit B**. No other pleadings and/or orders have been filed in STAG's Massachusetts state court action. BHN received a copy of the Complaint on November 4, 2021. A copy of the complete docket of the Massachusetts state court action is attached to this Notice of Removal as **Exhibit C**.

3.      As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (a) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (b) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); and (c) BHN has satisfied the procedural requirements for removal.

**THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) there is complete diversity of citizenship between Plaintiff and Defendants, and (b) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.  Complete Diversity of Citizenship**

5.      There is complete diversity of citizenship between Plaintiff, a citizen of Massachusetts, and Defendants, who are citizens of New York and California.

6.      Plaintiff STAG is a Delaware limited liability company with a principal place of business at One Federal Street, 23rd Floor, Boston, Massachusetts. Ex. A, ¶ 1. Upon information and belief, STAG's sole member is STAG Industrial, Inc., a Maryland corporation whose principal executive office is located at One Federal Street, 23rd Floor, Boston, Massachusetts.

7.    Named Defendant BHN is a New York limited liability company with a principal place of business at 240 Adar Ct., Monsey, New York. Ex. A, ¶ 2. Each of its members is a natural person permanently residing in the State of New York.

8.    Named Defendant First American is allegedly a Delaware corporation. Ex. A, ¶ 3. However, upon information and belief, First American Title Insurance Company is in fact a Nebraska corporation. First American alleges that its principal business address is 1 First American Way, Santa Ana, California. *See* Ex. B, ¶ 1.

9.    Therefore, for purposes of determining diversity, STAG is a citizen of Massachusetts, whereas Defendants BHN and First American are citizens of New York and California, respectively. *See Pramco, LLC ex rel. CFCS Consortium v. San Juan Bay Marina*, 435 F.3d 51, 54 (1st Cir. 2006) (holding that the citizenship of a limited liability company is based on the citizenship of all of its members); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1193, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities"). Accordingly, complete diversity exists between the parties.[1]

**B.  Amount in controversy**

10.    The Complaint seeks, *inter alia*, an award of money damages in the amount of $450,000.00, plus costs, attorney's fees and interest. *See* Ex. A, "Wherefore," ¶ A.

11.    By virtue of this claim for money damages, Plaintiff is seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional

---

[1] Although STAG names "certain funds held in escrow by the Boston office of [First American]" as an "*in rem*" defendant in the caption of the Complaint, the location of such funds—which have not been deposited with the Suffolk County Superior Court—is irrelevant to diversity of citizenship. *See Navarro Savings Assn. v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

requirement of this Court. *See* 28 U.S.C. §§ 1332(a); 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

12.     Accordingly, for all of the above-stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

### THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).

13.     This Notice of Renewal is filed within thirty days of Defendants' receipt on November 4, 2021 of a copy of the Complaint. *See* 28 U.S.C. § 1446(b).

14.     For these reasons, this Notice of Removal is timely.

### DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

15.     As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

16.     Removal to the United States District Court for the District of Massachusetts is proper pursuant to 28 U.S.C. § 1441(a) because the state-court action is pending in the Suffolk County Superior Court, Commonwealth of Massachusetts. *See* Ex. A.

17.     This Notice of Removal is timely because it is being filed within thirty days of Defendants receiving a copy of the Complaint on November 4, 2021.

18.     First American has represented that it does not object to the removal of this action.

19.     Copies of all process, pleadings, and orders in the state court action have been attached hereto. *See* Exs. A, B, C.

20.     As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being

served upon Plaintiff and First American, by and through their attorneys of record, and is also

being filed with the clerk of the Suffolk County Superior Court, Commonwealth of

Massachusetts.

21.     By removing this action to this Court, BHN does not waive any available

defenses, including but not limited to improper venue, or admit any of the allegations made in

the Complaint.

        **WHEREFORE**, BHN files this Notice of Removal so that the entire state court action

now pending in the Suffolk County Superior Court, Commonwealth of Massachusetts, be

removed to this Court for all further proceedings.

        Date: December 5, 2021

                                        Respectfully submitted,

                                        */s/ Alan D. Kaplan*
                                        Alan D. Kaplan (BBO No. 258280)
                                        Herrick, Feinstein LLP
                                        2 Park Ave.
                                        New York, NY 10016
                                        p: (212) 592-1400
                                        f: (212) 592-1500
                                        e: akaplan@herrick.com

                                        *Attorneys for Defendant BHN Associates,
                                        LLC*