COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS | SUPERIOR COURT<br>C.A. NO. 2184CV02248 |

STAG WILLIAMSPORT, LLC,
    Plaintiff

v.                                                                                                 E-FILED 11/29/21  (LAW)

BHN ASSOCIATES, LLC; FIRST AMERICAN TITLE
INSURANCE COMPANY; and, in rem CERTAIN
FUNDS HELD IN ESCROW BY THE BOSTON
OFFICE OF FIRST AMERICAN TITLE INSURANCE
COMPANY,
    Defendants

### ANSWER OF DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY

NOW comes Defendant First American Title Insurance Company ("First American") and generally states that it is without sufficient information to admit or deny the factual allegations set forth in Plaintiff's Verified Complaint. Answering further, First American states as follows:

1. First American is a California corporation with a principal business address of 1 First American Way, Santa Ana, California 92707.

2. First American is the Escrow Agent under an Escrow Agreement entered into between Plaintiff STAG Williamsport, LLC ("STAG") and Defendant BHN Associates, LLC ("BHN"). See Verified Complaint, Exhibit B.

3. Pursuant to the Escrow Agreement, First American has received $450,000.00 (the "Escrowed Funds"), which it currently holds in an interest-bearing account as required by the terms of the Escrow Agreement.

4. On or about September 7, 2021, STAG purported to terminate the P&S and requested that First American release the Escrowed Funds to STAG.

5. On or about September 29, 2021, BHN purported to reject STAG's termination, purported to terminate the P&S itself, and requested that First American release the Escrowed Funds to BHN.

6. Pursuant to the express terms of the Escrow Agreement:

   > If a controversy arises between any of the parties hereto . . . as to whether or not or to whom the Escrow Agent shall deliver all or any portion of the Escrowed Funds or any interest accrued thereon . . . the Escrow Agent shall be entitled to refrain from taking any action other than to keep safely the Escrowed Funds until it shall have been directed otherwise by a writing signed by the parties hereto or by final order of a court of competent jurisdiction.

   Verified Complaint, Exhibit B at Paragraph (a).

7. A controversy has arisen between STAG and BHN as to which of them the Escrowed Funds should be paid.

8. First American continues to hold the Escrowed Funds safely in escrow.

9. First American has not been directed to disburse the funds by a writing signed by the parties.

10. First American has not been directed to disburse the funds by a final order of any court of competent jurisdiction.

11. Furthermore, the Escrow Agreement expressly provides:

    > In the event conflicting demands are made or notices served upon the Escrow Agent with respect to the Escrowed Funds, the parties hereto expressly agree that such Escrow Agent shall have the absolute right, at Escrow Agent's election, to do either or both of the following . . . :
    >
    > (1) Withhold and stop all further proceedings in, and performance of this Agreement for a reasonable period of time to permit resolution . . .; or
    > (2) In the event of litigation between SELLER and BUYER, the Escrow agent may deliver all of the Escrow Funds to the Clerk of any Court in which the litigation is pending; or

> (3) File a suit in interpleader and deliver the Escrow Funds to the Court in which the action is commenced, and obtain an order from the court requiring the parties to interplead and litigate in such court their several claims and rights amongst themselves.

Verified Complaint, <u>Exhibit B</u> at Paragraph (a)(1) through (a)(3).

12. Conflicting demands and notices have been received by First American regarding the distribution of the Escrowed Funds.

13. Pursuant to First American's absolute right under the Escrow Agreement, First American withheld disbursement and stopped all further performance of the Escrow Agreement to permit a resolution between the parties.

14. Litigation has since been commenced between the parties which, pursuant to the terms of the Escrow Agreement, would allow First American to deliver the Escrowed Funds to the Clerk of the Court.

15. First American has no interest in the Escrowed Funds.

16. First American takes no position with regard to the merits of the dispute between the parties or either party's claims to the Escrowed Funds.

WHEREFORE, based on the foregoing, First American respectfully requests the Court for an Order regarding the disposition of the Escrowed Funds pending determination of the rights of the parties thereto.  To the extent the Court orders the Escrowed Funds to be deposited with the Clerk, First American respectfully requests that it be provided with instructions for the same and that it be dismissed from all further involvement with this action upon tender of such deposit to the Clerk.

          Respectfully submitted,
          First American Title Insurance Company
          By its attorney:

          *Scott C Owens*
          Scott C. Owens, Esq. (BBO#654406)
          First American Law Group
          800 Boylston Street, Suite 2820
          Boston, MA 02199
          617-772-9272
          sowens@firstam.com

November 29, 2021