UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STAG WILLIAMSPORT, LLC, | Case No. 1:21-cv-11958-NMG |
| Plaintiff, | Assigned Judge: Nathaniel M. Gorton |
| v. | |
| BHN ASSOCIATES, LLC, FIRST AMERICAN TITLE INSURANCE COMPANY, and *in rem* against CERTAIN FUNDS HELD IN ESCROW BY THE BOSTON OFFICE OF FIRST AMERICAN TITLE INSURANCE COMPANY, | |
| Defendants. | |

## DECLARATION OF MORDY WIDER IN SUPPORT OF DEFENDANT BHN ASSOCIATES, LLC'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(2) OR TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

I, MORDY WIDER, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2. I am a member of Defendant BHN Associates, LLC ("**BHN**"), Defendant in the above-captioned action. I make this declaration in support of BHN's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) or to transfer venue to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

3. BHN is a member-managed New York limited liability company whose members all reside in New York.

4. In approximately June 7, 2021, BHN entered into a Purchase and Sale Agreement ("**PSA**") with STAG Williamsport, LLC ("**STAG**") to purchase the property located at 3300 Wahoo Drive, Williamsport, Pennsylvania (the "**Property**").

5. The opportunity to purchase the Property was first presented to BHN's principals by STAG's broker, Lee & Associates of Eastern Pennsylvania LLC, whose offices are in Plymouth Meeting, Pennsylvania.

6. The material terms of the PSA were negotiated between BHN and Mr. Mattson in Pennsylvania via telephone and email. No principal or employee of BHN has ever communicated directly with STAG, either in connection with the Property or otherwise. No principal or employee of BHN has ever traveled to Massachusetts in relation to STAG or the Property.

7. Once the material terms for the purchase of the Property were negotiated with STAG's broker, BHN's counsel in New York, Reiss Sheppe LLP, communicated with STAG's counsel to draft the PSA.

8. At STAG's request, BHN agreed to deliver the earnest money due under the PSA to the Boston, Massachusetts office of defendant First American Title Insurance Company ("**First American**"). Accordingly, BHN deposited $300,000.00 of earnest money and $150,000.00 of closing date extension fees into escrow with First American.

9. No member, employee, or agent of BHN has traveled to the Commonwealth of Massachusetts since the PSA was executed. At all relevant times, BHN's members, employees, and/or agents have been physically present in New York.

10. The morning of the closing date, STAG's counsel sent BHN's counsel a non-conforming Estoppel Certificate and SNDA, which it failed to correct. Thus, on the closing date

of August 23, 2021, STAG failed to deliver all documents that were required by the PSA as a condition of closing.

11. Pursuant to the PSA, BHN did not proceed with the closing.

12. On September 9, 2021, BHN provided written notice of termination of the PSA, with instructions to First American to release the escrowed earnest money to BHN. First American has not released the escrowed funds to either STAG or BHN.

13. All actions undertaken by BHN with respect to the PSA were performed in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2021.

_____
Mordy Wider, Member

HF 14158553v.1