UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STAG WILLIAMSPORT, LLC,<br><br>                     Plaintiff,<br><br>       v.<br><br>BHN ASSOCIATES, LLC, FIRST AMERICAN TITLE INSURANCE COMPANY, and *in rem* against CERTAIN FUNDS HELD IN ESCROW BY THE BOSTON OFFICE OF FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>                     Defendants. | Case No. 1:21-cv-11958-NMG<br><br>Assigned Judge: Nathaniel M. Gorton |

**DEFENDANT BHN ASSOCIATES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) OR TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

**Herrick, Feinstein LLP**
2 Park Ave.
New York, NY 10016
p: (212) 592-1400
f: (212) 592-1500

*Attorneys for Defendant BHN Associates, LLC*

**TABLE OF CONTENTS**

Table of Authorities ......................................................................................................................... ii

PRELIMINARY STATEMENT .......................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................4

    I. THE COURT LACKS PERSONAL JURISDICTION OVER BHN. .................................4

    a. Massachusetts' long-arm statute does not confer jurisdiction over BHN. ...........................4

    b. Exercising personal jurisdiction over BHN does not satisfy due process. ..........................5

        1. Relatedness ....................................................................................................................6

        2. Purposeful Availment ....................................................................................................7

    II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA
        IS WARRANTED .................................................................................................................8

    A. Transfer to the Eastern District of Pennsylvania is More Convenient to the Parties
        and Witnesses and Furthers the Interests of Justice ..............................................................9

        1. The Plaintiff's Choice of Forum ..................................................................................10

        2. The Relative Convenience of the Parties ....................................................................10

        3. The Convenience of the Witnesses and Location of Documents ................................11

        4. Any Connection Between the Forum and the Issues ..................................................12

        5. The Law to be Applied ................................................................................................13

        6. The State or Public Interests at Stake ..........................................................................13

CONCLUSION ...............................................................................................................................14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adams v. Adams*,
   601 F.3d 1 (1st Cir. 2010) .................................................................................................. 6

*Allstate Ins. Co. v. Hague*,
   449 U.S. 302 (1981) ........................................................................................................ 13

*APB Realty, Inc. v. Georgia-Pac. LLC*,
   No. CV 15-13142-NMG, 2016 WL 4697332 (D. Mass. Sept. 7, 2016) ............................ 8

*Astro–Med, Inc. v. Nihon Kohden Am., Inc.*,
   591 F.3d 1 (1st Cir.2009) .............................................................................................. 6, 9

*Avci v. Brennan*,
   232 F. Supp. 3d 216 (D. Mass. 2017) .............................................................................. 12

*Bos. Post Partners II, LLP v. Paskett*,
   No. 15-13804-FDS, 2016 WL 3746474 (D. Mass. July 8, 2016) ................................. 5, 9

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .......................................................................................................... 8

*Carreras v. PMG Collins, LLC*,
   660 F.3d 549 (1st Cir. 2011) ............................................................................................. 7

*Copia Commc'ns, LLC v. AMResorts, L.P.*,
   812 F.3d 1 (1st Cir. 2016) ............................................................................................. 4, 7

*Cossaboon v. Me. Med. Ctr.*,
   600 F.3d 25 (1st Cir. 2010) ............................................................................................... 5

*Cossart v. United Excel Corp.*,
   804 F.3d 13 (2015) ............................................................................................................ 5

*D.S. Brown Co. v. White-Schiavone, JV*,
   502 F. Supp. 3d 584 (D. Mass. 2020) ............................................................................ 6, 8

*Dillon Boiler Servs., Co. Inc. v. Soundview Vermont Holdings, LLC*,
   392 F. Supp. 3d 187 (D. Mass. 2019) ............................................................................... 7

*Fed. Ins. Co. v. XTRA Intermodal, Inc.*,
   No. CV 14-CV-14010-ADB, 2015 WL 4275181 (D. Mass. July 15, 2015) ................... 13

*Ferris v. Darrell*,
   No. CV 18-10204-DPW, 2020 WL 4431763 (D. Mass. July 31, 2020) ......................... 11

*Home Prod. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc.*,
    201 F.R.D. 42 (D. Mass. 2001) ............................................................................................... 10

*Jagex Ltd. v. Impulse Software*,
    Civ. No. 10–10216–NMG, 2010 WL 3257919 (D. Mass. Aug.16, 2010) ........................... 12

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mead Johnson & Co.*,
    Civ. No. 11-10042-NMG, 2011 WL 6148656 (D. Mass. Dec. 8, 2011) ............................. 11

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955) ................................................................................................................. 9

*Nowak v. Tak How Investments, Ltd.*,
    94 F.3d 708 (1st Cir. 1996) .................................................................................................... 7

*Otte v. Life Ins. Co. of N. Am.*,
    No. CV 09-11537-RGS, 2010 WL 11580098 (D. Mass. Jan. 6, 2010) ............................... 11

*Peterson v. Burke*,
    433 F. Supp. 3d 212 (D. Mass. 2020) ............................................................................. 9, 13

*Phillips v. Prairie Eye Ctr.*,
    530 F.3d 22 (1st Cir. 2008) .................................................................................................... 6

*Pierce v. Biogen U.S. Corp.*,
    No. CV 18-12510-DJC, 2019 WL 2107278 (D. Mass. May 14, 2019) ............................... 10

*Sawtelle v. Farrell*,
    70 F.3d 1381 (1st Cir. 1995) .............................................................................................. 4, 7

*Scholtens v. Gyrus Acmi, Inc.*,
    No. 4:18-CV-12187-TSH, 2019 WL 2528377, at *3 (D. Mass. May 10, 2019 ............. 12, 13

*SCVNGR, Inc. v. Punchh, Inc.*,
    85 N.E.3d 50 (Mass. 2017) .................................................................................................... 4

*TargetSmart Holdings, LLC v. GHP Advisors, LLC*,
    366 F. Supp. 3d 195 (D. Mass. 2019) .................................................................................... 8

*Van Rooyen v. Greystone Home Builders, LLC*,
    295 F. Supp. 3d 735 (N.D. Tex. 2018) ................................................................................ 13

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ............................................................................................................... 4

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................*passim*

Mass. Gen. Laws ch. 223A, § 3 ..................................................................................................... 4

**PRELIMINARY STATEMENT**

This action concerns the disposition of earnest money deposited into escrow in connection with a contract governed by Pennsylvania law for the purchase of real property located in Williamsport, Pennsylvania. Although the seller, Plaintiff STAG Williamsport, LLC ("**STAG**"), resides in Massachusetts, Defendant BHN Associates, LLC ("**BHN**") resides in New York and did not engage in any purposeful conduct in Massachusetts sufficient to satisfy state and federal requirements for the exercise of personal jurisdiction.

To the contrary, BHN was approached about the transaction in New York by STAG's broker, located in Pennsylvania, who subsequently negotiated the material terms of the sale with BHN. There were no direct communications between BHN and STAG, in-person or otherwise. Once the material terms were settled with STAG's Pennsylvania broker, BHN's New York counsel put together a contract with STAG's counsel in Massachusetts and arranged for the deposit of funds with the escrow agent's Boston office. But these minimal contacts, incidental to the contract, are insufficient to support a Massachusetts court's exercise of personal jurisdiction over BHN.

But even if personal jurisdiction did somehow lay over BHN, the convenience of the parties and the efficient administration of justice nonetheless dictate that this action be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Not only does the contract contain a forum selection clause by which the parties consented to jurisdiction and venue in the United States District Court for the Eastern District of Pennsylvania (where the property is located), the most important witnesses to the disputed issues of contract performance are located in New York and Pennsylvania. Given the pandemic's minimization of in-person

proceedings, STAG would not be significantly inconvenienced by attending out-of-state virtual court appearances.

The Eastern District of Pennsylvania is not only more familiar with the contract's governing Pennsylvania law, but also has a greater interest in adjudicating disputes involving contracts for real property located in Pennsylvania. By contrast, aside from the Plaintiff's choice of commencing the action in Massachusetts, the only connections between this action and Massachusetts are the Plaintiff's Massachusetts residence and the escrowed funds' deposit with the escrow agent's Boston office.

Accordingly, this action should be dismissed and/or transferred to the Eastern District of Pennsylvania.

## BACKGROUND

Plaintiff STAG Williamsport, LLC ("**STAG**") is a Delaware LLC that resides in Massachusetts. *See* Declaration of Alan D. Kaplan ("**Kaplan Decl**."), Ex. B ¶ 1. STAG owns a commercial building situated on 22 acres of land located at 3300 Wahoo Drive in Williamsport, Pennsylvania (the "**Property**"). Kaplan Decl., Ex. A ("Recitals"). On or about June 7, 2021, STAG entered into a Purchase and Sale Agreement ("**PSA**") with Defendant BHN Associates, LLC ("**BHN**"), for the sale of the Property to BHN. Kaplan Decl., Ex. A. BHN's members all reside in New York. *See* Declaration of Mordy Wider ("Wider Decl.") ¶ 3.

Pursuant to the PSA, BHN deposited $300,000.00 of earnest money and $150,000.00 of closing date extension fees into escrow with the Boston office of Defendant First American Title Insurance Company ("**First American**"). Wider Decl. ¶ 8. The escrowed deposits were to be applied towards the purchase price at closing on August 23, 2021. Kaplan Decl., Ex. B, ¶¶ 11, 15.

The PSA required, among other "Buyer Closing Conditions," that STAG provide a Tenant Estoppel Certificate ("**Estoppel Certificate**") and a Subordination, Attornment, and Non-Disturbance Agreement ("**SNDA**") as a condition of closing. *See* Kaplan Decl., Ex. A, § 6.7(a)(5), (6). In the event that any Buyer Closing Condition was not satisfied as of the closing date, the PSA permitted BHN to terminate the PSA and obtain the return of the earnest money. *Id*. §§ 6.7(c), 12.1.

The morning of the closing date, STAG's counsel sent BHN's counsel a non-conforming Estoppel Certificate and SNDA, which STAG failed to correct. Wider Decl. ¶ 10. Thus, the closing date came and went without STAG satisfying the Buyer Closing Conditions. Accordingly, pursuant to the PSA, BHN did not proceed with the closing. *Id*. ¶ 11.

Notwithstanding its failure to timely satisfy its pre-closing obligations, on August 30, 2021, STAG purported to send BHN a notice of default for BHN's alleged refusal to proceed with closing. Kaplan Decl., Ex. B, ¶ 21. On September 7, 2021, STAG purported to send BHN a notice of termination of the PSA, with instructions to First American to release the escrowed funds to STAG. *Id*. ¶¶ 23-24.

BHN's counsel responded, by letter dated September 9, 2021, that BHN rejected STAG's purported notice of termination of the PSA. Wider Decl. ¶ 12.  BHN accordingly exercised its own right to provide notice of termination and demanded that First American return the escrowed earnest money to BHN. *Id*. First American has not released the escrowed funds to either party. *Id*.

STAG commenced this action by filing a complaint on October 1, 2021, in the Suffolk County Superior Court for the Commonwealth of Massachusetts. *See* Kaplan Decl., Ex. B. STAG also filed a motion to First American filed an Answer on November 29, 2021. Kaplan

3

Decl., Ex. D. On December 1, 2021, STAG filed a motion to have the escrowed funds deposited with the court. Kaplan Decl., Ex. E. BHN removed this action to federal court on December 5, 2021, notice of which was served on all parties on December 6, 2021. *See* ECF Dkt. 1, 4.

## ARGUMENT

### I.    THE COURT LACKS PERSONAL JURISDICTION OVER BHN.

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). Thus, to establish personal jurisdiction over BHN, STAG must satisfy the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290 (1980). To avoid deciding constitutional questions unless absolutely necessary, "courts should consider the long-arm statute first, before approaching the constitutional question." *SCVNGR, Inc. v. Punchh, Inc.*, 85 N.E.3d 50, 56 (Mass. 2017).

### a.    Massachusetts' long-arm statute does not confer jurisdiction over BHN.

The First Circuit recently has "suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution." *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (citing *Cossart v. United Excel Corp.*, 804 F.3d 13, 20 (2015) (noting that a statutory category of long-arm jurisdiction must be met notwithstanding satisfaction of due process).  Mass. Gen. Laws ch. 223A, § 3 provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;

> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth ...

In construing whether a defendant was "transacting any business in this commonwealth," courts "focus on whether the defendants attempted to participate in the commonwealth's economic life." *Cossart*, 804 F.3d at 18 (internal quotations omitted). In addition, to meet Section 3's "arising from" requirement, the transacted business must be a "but for cause of the harm alleged in the claim." *Id*.

Here, the harm alleged in STAG's complaint with respect to BHN is that BHN refused to close on the sale of the Property. *See* Kaplan Decl., Ex. B, ¶¶ 16, 20, 22, 26. BHN did not actively seek out STAG in Massachusetts in an attempt to "participate in the commonwealth's economic life"—to the contrary, STAG's broker sought out BHN in New York. *See* Wider Decl. ¶ 5. And to the extent STAG was harmed by BHN's alleged refusal to close, those actions and/or omissions occurred while BHN was in New York. *See* Wider Decl. ¶ 9. BHN thus did not engage in any transaction of business within the requirements of Massachusetts' long-arm statute. *See Bos. Post Partners II, LLP v. Paskett*, No. 15-13804-FDS, 2016 WL 3746474, at *7 (D. Mass. July 8, 2016) (finding lack of personal jurisdiction under Massachusetts long-arm statute because the alleged conduct underlying tort claims against defendants occurred outside of Massachusetts).

### b. Exercising personal jurisdiction over BHN does not satisfy due process.

"The exercise of personal jurisdiction may, consistent with due process, be either 'specific or case-linked' or 'general or all-purpose.'" *Cossart*, 804 F.3d at 20.[1] To assist in

---

[1] Because STAG alleges that BHN is a New York LLC with a principal place of business in New York, general jurisdiction is inapplicable. *See* Kaplan Decl., Ex. B, ¶ 2; *Cossaboon v. Me. Med. Ctr.*, 600 F.3d 25, 32 (1st Cir. 2010) (noting that for general jurisdiction to apply, the defendant must engage in a "continuous and systematic" pursuit of general business activities in the forum state).

5

assessing whether a defendant has the requisite "minimum contacts" necessary to assert specific jurisdiction, the First Circuit has held that a plaintiff seeking to establish specific jurisdiction must demonstrate that three conditions are satisfied:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must ... be reasonable.

*Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008).

   1. <u>Relatedness</u>

The "relatedness" test is focuses on the nexus between the plaintiff's claim and the defendant's contacts with the forum state. *Astro–Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 9 (1st Cir.2009). "Although that inquiry is a 'flexible, relaxed standard,' *id.* (internal citations omitted), it cautions that the exercise of personal jurisdiction is improper if the "defendant's forum-state contacts seems attenuated and indirect." *D.S. Brown Co. v. White-Schiavone, JV*, 502 F. Supp. 3d 584, 592 (D. Mass. 2020) (Gorton, J.). Where the action involves breach of contract claims, the Court asks "whether the defendant's activity in the forum state was instrumental either in the formation of the contract or in its breach." *Adams v. Adams*, 601 F.3d 1, 6 (1st Cir. 2010).

For the same reasons that BHN's interactions with STAG do not satisfy Massachusetts' long-arm statute, the constitutional "relatedness" requirement is not met. The formation of the PSA came about as a result of inquiries and negotiation over material terms by STAG's broker in Pennsylvania. *See* Wider Decl. ¶ 5. And BHN's alleged breach of the PSA did not involve any activity in Massachusetts, but rather *inactivity* in New York. *See* Wider Decl. ¶ 9, 13. To the extent BHN's counsel may have communicated with STAG's counsel in Massachusetts in the

6

course of finalizing the PSA and providing relevant notices, those communications are not the basis of STAG's claims. Thus, BHN's minimal contacts with Massachusetts are insufficiently related to the litigation to support personal jurisdiction consistent with due process. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995) (Gorton, J.) ("The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.").

2. Purposeful Availment

The Court's review in determining purposeful availment focuses on "the voluntariness of the defendants' relevant Massachusetts contacts and the foreseeability of the defendants falling subject to Massachusetts's jurisdiction." *Copia*, 812 F.3d at 5 (quoting *Adelson v. Hananel*, 510 F.3d 43, 50 (1st Cir. 2007)). Voluntariness requires that the defendant's contacts with the forum state are "not based on the unilateral actions of another party or a third person." *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 716 (1st Cir. 1996). Foreseeability requires that "the defendant's contacts with the forum state be such that he should reasonably anticipate being haled into court there." *Id*.

A party that communicates with a forum resident in response to that resident's inquiries to offer and execute a contract does not thereby subject itself to the forum's jurisdiction. *See Carreras v. PMG Collins, LLC*, 660 F.3d 549, 555–56 (1st Cir. 2011) (holding that seller of real property located in Florida did not subject itself to Puerto Rico's jurisdiction by responding to inquiries from Puerto Rican buyer and sending contract of sale for execution); *Dillon Boiler Servs., Co. Inc. v. Soundview Vermont Holdings, LLC*, 392 F. Supp. 3d 187, 192 (D. Mass. 2019)

7

(holding that even if contract for conversion of boilers to natural gas was negotiated in Massachusetts, the contracted-for services were to be performed in Vermont).

Here, the only alleged connection between BHN and Massachusetts was BHN's negotiation and entry into the PSA with STAG, a Massachusetts resident, in response to inquiries from STAG's broker in Pennsylvania. These contacts occurred as a result of STAG's conduct, not as a result of any effort by BHN to seek or pursue a business relationship in Massachusetts, and therefore do not satisfy "purposeful availment." *See APB Realty, Inc. v. Georgia-Pac. LLC*, No. CV 15-13142-NMG, 2016 WL 4697332, at *7 (D. Mass. Sept. 7, 2016) (holding that defendant's entering into an unsolicited contract with a Massachusetts resident did not constitute "voluntary" contact, nor that sending the executed contract to plaintiff in Massachusetts would render foreseeable being haled into a Massachusetts court). [2]

## II.   TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS WARRANTED.

Where there is no personal jurisdiction over one of the defendants, the court may find that transfer — rather than dismissal — is appropriate. *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 214 (D. Mass. 2019).

Transfer is further appropriate under 28 U.S.C. § 1404(a). Section 1404(a) provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a

---

[2] In addition to "relatedness" and "purposeful availment," constitutional due process requires that a court determine whether imposing jurisdiction on the defendant would be reasonable, considering 1) the burden on the defendants to appear, 2) the forum state's interest in adjudicating the dispute, 3) plaintiff's interest in convenient and effective relief, 4) the judicial system's interest in obtaining efficient resolution of controversies, and 5) the common interest of all sovereigns in promoting substantive social policies. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). "These considerations are not a checklist but should instead be used to put into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction ..." *D.S. Brown Co.*, 502 F. Supp. 3d at 593 (internal quotations omitted). These factors overlap with the private and public interest factors warranting transfer of venue of this action to the Eastern District of Pennsylvania, discussed below.

8

district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion … must evaluate both the convenience of the parties and various public-interest considerations, *Atl. Marine Constr.*, 571 U.S. at 62, while also giving some weight to the plaintiff's choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). "Where the contract between the parties ... contains a forum-selection clause, the clause will be a significant factor that figures centrally in the District Court's calculus." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) (internal quotations omitted). However, where the forum selection clause is permissive rather than mandatory, "it receives less weight in the transfer decision and the Court must still look to the standard factors to analyze the motion to transfer." *Bos. Post Partners II, LLP v. Paskett*, No. 15-13804-FDS, 2016 WL 3746474, at *11 (D. Mass. July 8, 2016). Those factors include: "1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake." *Peterson v. Burke*, 433 F. Supp. 3d 212, 219 (D. Mass. 2020) (Gorton, J.) (internal citations omitted).

### A. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS MORE CONVENIENT TO THE PARTIES AND WITNESSES AND FURTHERS THE INTERESTS OF JUSTICE

This case should be transferred to the Eastern District of Pennsylvania because the action centers on interpretation of a contract for Pennsylvania real property, and the contract is governed by Pennsylvania law and contains a forum selection clause in which STAG consented to venue and jurisdiction of the United States District Court for the Eastern District of Pennsylvania. All of the parties of this action are diverse and the amount in dispute exceeds

$75,000.00. This action therefore could have been brought originally in the Eastern District of Pennsylvania.

The traditional factors governing transfer of venue under 28 U.S.C. § 1404(a) strongly favor transfer of this action to the Eastern District of Pennsylvania, as set forth below.

1. The Plaintiff's Choice of Forum

STAG commenced this action in Massachusetts. However, any weight afforded to the plaintiff's choice of forum is weakened where the facts of the case have no material connection to the chosen forum. See *Pierce v. Biogen U.S. Corp.*, No. CV 18-12510-DJC, 2019 WL 2107278, at *4 (D. Mass. May 14, 2019). STAG's choice of forum in Massachusetts is further offset by STAG's express agreement in the PSA "that any such action, litigation or proceeding may be brought in the US District Court where the Property is located [i.e., the Eastern District of Pennsylvania]." *See* Kaplan Decl., Ex. A, § 17.4.

2. The Relative Convenience of the Parties

Although STAG resides in Massachusetts, neither of the Defendants do. BHN is headquartered in New York, and First American's executive offices are in California. Thus, as between the three parties, the Eastern District of Pennsylvania is most centrally located. Any inconvenience to STAG caused by litigation in the Eastern District of Pennsylvania is less compelling in light of its contractual agreement that litigation may be proceed there. *See Home Prod. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc.*, 201 F.R.D. 42, 48 (D. Mass. 2001) (noting that litigant who signed agreement containing forum-selection clause "had ample opportunity to reflect on any inconvenience involved in litigating in California before it signed").

Moreover, any burden to STAG in appearing at court proceedings outside of Massachusetts is also minimized by the United States District Courts' willingness to hold

10

hearings and depositions virtually. See *Ferris v. Darrell*, No. CV 18-10204-DPW, 2020 WL 4431763, at *11, n.21 (D. Mass. July 31, 2020) (noting that "one welcome consequence of the adaption of the courts to the challenges of the current pandemic is an increased willingness and competence in conducting virtual hearings. Thus, the difficulties attendant upon inconvenient pre-trial travel outside of Massachusetts can be minimized.").

3. The Convenience of the Witnesses and Location of Documents

"The convenience of the witnesses is probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a)." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mead Johnson & Co.*, Civ. No. 11-10042-NMG, 2011 WL 6148656, at *11 (D. Mass. Dec. 8, 2011) (Gorton, J.) (adopting Report and Recommendation). "The court must consider the number of witnesses located in both the transferor and transferee districts, the nature and quality of the testimony of these witnesses, and whether or not the witnesses can be compelled to testify." *Otte v. Life Ins. Co. of N. Am.*, No. CV 09-11537-RGS, 2010 WL 11580098, at *1 (D. Mass. Jan. 6, 2010).

Here, the central witnesses and evidence reside outside of Massachusetts. The allegations in the complaint are premised on BHN's alleged non-performance of its obligations under the PSA. *See* Kaplan Decl., Ex. B, ¶¶ 16-22. Because BHN's principals and offices are in New York, any witnesses and documentation concerning BHN's performance under the PSA presumably are as well.

In addition to BHN's performance, this action also centers on STAG's failure to provide the required Estoppel Certificate and SNDA at closing. But STAG did not prepare these documents in Massachusetts. Rather, these documents were to be completed by STAG's tenant in the Eastern District of Pennsylvania. Thus, any factual issues concerning the execution of

these documents may require testimony and production of documents from STAG's non-party tenant in the Eastern District of Pennsylvania. If the tenant does not cooperate, the District Court for the Eastern District of Pennsylvania is best situated to compel production of this evidence.

To the extent any witness testimony or document discovery from STAG in Massachusetts may be necessary, its relevant written communications were in electronic form. Production of these electronic communications would not be any more burdensome if this action proceeded in the Eastern District of Pennsylvania. *See Jagex Ltd. v. Impulse Software*, Civ. No. 10–10216–NMG, 2010 WL 3257919, at *5 (D. Mass. Aug.16, 2010) (Gorton, J.) (noting that if "most of the relevant documents are electronic, the physical location of such documents is inconsequential").

4. Any Connection Between the Forum and the Issues

Transfer of venue is further supported where the operative facts bear no meaningful connection to Massachusetts. *See Scholtens v. Gyrus Acmi, Inc.*, No. 4:18-CV-12187-TSH, 2019 WL 2528377, at *3 (D. Mass. May 10, 2019), *report and recommendation adopted,* No. 4:18-CV-12187, 2019 WL 2565664 (D. Mass. June 13, 2019) As discussed above, this action centers on a contract for property located in the Eastern District of Pennsylvania. BHN's alleged non-performance under the PSA occurred entirely in New York, and the closing conditions at issue—namely, STAG's preparation of Estoppel Certificate and SNDA documents—involved the Property. Massachusetts' only connection to this action is STAG's residence and the location of the deposited escrow funds, neither of which has any meaningful link to the issues in dispute. This factor therefore warrants transfer of the action to the Eastern District of Pennsylvania. *See Avci v. Brennan*, 232 F. Supp. 3d 216, 219 (D. Mass. 2017) (Gorton, J.) (transferring action to Southern District of New York where "the operative conduct complained of in this action occurred exclusively in New York").

5. <u>The Law to be Applied</u>

Transfer of venue is further warranted where an action would require the court to apply another state's laws, because "[a] federal judge presumably is more familiar with the law of the state in which he sits than is a federal judge sitting in another forum." *Scholtens* 2019 WL 2528377, at *8. This action revolves around the parties obligations under the PSA, which provides that it "shall be governed by the laws of the Commonwealth of Pennsylvania…" Kaplan Decl., Ex. A, § 17.4. The District Court for the Eastern District of Pennsylvania is thus better positioned than this Court to efficiently apply Pennsylvania law. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 326 (1981) ("For judges are presumably familiar with their own state law and may find it difficult and time consuming to discover and apply correctly the law of another State.").

6. <u>The State or Public Interests at Stake</u>

Courts favor transfer of venue where an action involves the disposition of land outside of the forum state. *See Fed. Ins. Co. v. XTRA Intermodal, Inc.*, No. CV 14-CV-14010-ADB, 2015 WL 4275181, at *8 (D. Mass. July 15, 2015) (noting that Illinois' interest in remediation of toxic waste sites in Illinois justified transfer of venue in case involving enforcement and interpretation of insurance policies covering remediation costs); *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 748 (N.D. Tex. 2018) (holding that Texas had greater interest in dispute over promissory note pertaining to a real estate transaction for property located in Texas); s*ee also Peterson*, 433 F.Supp.3d 212, 220 (noting "local interest in local controversies" as basis for transferring action involving Arizona publications to Arizona). This action concerns real property located in the Eastern District of Pennsylvania and will clarify parties' obligations under contracts which are governed by Pennsylvania law. Transfer is therefore appropriate because Pennsylvania's interest in these issues far exceeds any interest of Massachusetts.

## **CONCLUSION**

For the foregoing reasons, BHN requests that the Court grant BHN's Motion to dismiss pursuant to F.R.C.P. Rule 12(b) and to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania.

Dated: December 13, 2021

                                      Respectfully submitted,

                                      */s/ Alan D. Kaplan*
                                      Alan D. Kaplan (BBO No. 258280)
                                      Herrick, Feinstein LLP
                                      2 Park Ave.
                                      New York, NY 10016
                                      p: (212) 592-1400
                                      f: (212) 592-1500
                                      e: akaplan@herrick.com

                                      *Attorneys for Defendant BHN Associates, LLC*