United States District Court
District of Massachusetts

```
_____
                            )
STAG Williamsport, LLC,     )
                            )
         Plaintiff,         )
                            )
         v.                 )     Civil Action No.
                            )     21-11958-NMG
BHN Associates, LLC et al., )
                            )
         Defendants.        )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from an unsuccessful real estate transaction between STAG Williamsport, LLC ("STAG" or "plaintiff") and BHN Associates, LLC ("BHN"). STAG and BHN entered into an agreement for the purchase and sale of property but the transaction was not completed. Now, STAG brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing against BHN. STAG also seeks equitable relief from the First American Title Insurance Company ("FATIC"), which holds funds that BHN deposited in connection with the prospective transaction. Pending before the Court is the motion of BHN to dismiss or transfer venue of the action.

I.  **Background**

STAG, a Delaware corporation with a principal place of business in Massachusetts, and BHN, a limited liability company with its principal place of business and residence of each of its members in New York, entered into an agreement for the purchase and sale of real property located in Williamsport, Pennsylvania in June, 2021 ("the P&S").  As part of the P&S, STAG and BHN appointed the Boston office of FATIC, a Delaware corporation, to serve as the escrow agent for any funds provided by BHS in advance of the sale.  STAG and BHN subsequently entered into an escrow agreement with FATIC and, prior to the scheduled closing date of August 23, 2021, BHN had deposited a total of $450,000 with FATIC.  The P&S included a choice of law provision specifying that the contract was to be interpreted in accordance with Pennsylvania law, as well as a permissive forum selection clause that limits litigation arising from the P&S to federal court where the real property is located, i.e. Pennsylvania.

As set forth in the complaint, on the closing date, BHN refused to complete the sale on the grounds that STAG had failed to provide the documentation required pursuant to the P&S.  STAG disputed that assertion but nonetheless provided updated versions of the documentation.  BHN persisted in refusing to

consummate the sale.  In August, 2021, STAG sent BHN a notice of
default and, subsequently, a notice of termination of the P&S.
STAG also sent the notice of termination to FATIC and requested
that the escrowed funds deposited by BHN be released.  FATIC has
neither released the funds nor informed STAG that such a release
is forthcoming.

STAG initiated this suit in the Massachusetts Superior
Court for Suffolk County in October, 2021.  BHN removed the case
to this Court based upon diversity jurisdiction.

## II.  __Motion to Dismiss__

BHN moves to dismiss the complaint for lack of personal
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  STAG bears
the burden of showing that the Court has authority to exercise
jurisdiction over defendant. Cossart v. United Excel Corp., 804
F.3d 13, 18 (1st Cir. 2015).  Where, as here, the Court will
decide a motion to dismiss for lack of personal jurisdiction
without first holding an evidentiary hearing, the Court takes
plaintiff's

> properly documented evidentiary proffers as true and
> construe[s] them in the light most favorable to
> [plaintiff's] jurisdictional claim.

A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir.
2016).   A plaintiff cannot, however, rely on

- 3 -

> unsupported allegations [and] must put forward
> evidence of specific facts to demonstrate jurisdiction
> exists.

Id. (quotations and citations omitted).

In a diversity suit such as this one, this Court acts as "the functional equivalent of a state court sitting in the forum state." Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009). As such, plaintiff must demonstrate that the exercise of personal jurisdiction is permitted by the Massachusetts long-arm statute, M.G.L. c. 223A § 3, and coheres with the Due Process Clause of the Fourteenth Amendment by showing that defendant has "minimum contacts" with the Commonwealth. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002).

This Court's jurisdiction may be either "specific" or "general." United States v. Swiss Am. Bank, 274 F.3d 610, 618 (1st Cir. 2001). Specific jurisdiction requires a "demonstrable nexus" between the claims of the plaintiff and the defendant's contacts in the forum state. Id. Those contacts must demonstrate that defendant "purposeful[ly] avail[ed] [itself] of the privilege of conducting activities in the forum state." Noonan v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998). General jurisdiction, on the other hand, exists when the defendant has

engaged in "continuous and systematic activity, unrelated to the suit, in the forum state." Swiss Am. Bank, 274 F. 3d at 618.

### 1.    Massachusetts long-arm statute

The Massachusetts long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction:

> over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's...transacting any business in this commonwealth....

M.G.L. c. 223A, § 3.  The requirements of the Massachusetts long-arm statute are substantially similar to (although potentially more restrictive than) those imposed by the federal Due Process Clause. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016); Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).  This Court independently analyzes personal jurisdiction pursuant to that statute due to the distinction between the two regimes.

As utilized in M.G.L. c. 223A, § 3, the term "transacting" is construed broadly and employed "to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party[.]" Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 112 (1st Cir. 1997) (citation omitted).  For a court to exercise personal jurisdiction over a defendant pursuant to the provision, a plaintiff is thus required to show that: (1) the defendant attempted to participate in the

Commonwealth's economic life and (2) the transacted business was a "but for" cause of the alleged harm. Tatro v. Manor Care, Inc., 625 N.E.2d 549, 552-53 (Mass. 1994).

While that is a liberal standard, not "any contractual communication into Massachusetts is sufficient to establish personal jurisdiction." M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 275 (D. Mass. 2008) (emphasis original).  Rather, courts holistically assess the relationship between parties. Id. at 275-276.  The execution of a typical bilateral contract between in-state and out-of-state parties, without more, is "viewed as ancillary activity without substantial commercial consequence in the forum" and does not generally trigger personal jurisdiction. Little, Brown and Co. (Inc.) v. Bourne, 493 F. Supp. 544, 547 (D. Mass. 1980) (citations omitted).

Here, due to

the relations between the parties, their respective activities under the contract, and the linkages...between the defendant's participation in the transaction and Commonwealth of Massachusetts[,]

this Court has authority to exercise jurisdiction over BHN. Energy Cap. & Servs. LP, II v. Hill Refrigeration, Inc., 989 F. Supp. 353, 355 (D. Mass. 1997).  BHN not only entered into a contract with STAG, a Massachusetts-based company, and necessarily directed communication into the Commonwealth, but

also agreed to appoint the Boston office of FATIC as the
parties' escrow agent and deposited funds with that agent.  In
that context,

> the existence of the bank account and the purposeful
> direction of communications into Massachusetts are
> sufficient to amount to transacting business within
> the meaning of the statute.

Id. (citation omitted).  The contract that was the subject of
those communications and the funds that remain deposited in
Massachusetts are foundational to the pending claims and the
"but for" causes of the harm alleged.

Courts frequently point to the duration of the relationship
and the frequency of communication between parties in finding
appropriate the exercise of personal jurisdiction over out-of-
state defendants in contractual disputes. Am. Paper Recycling,
Inc. v. Renew Bahamas, Ltd., No. BRCV201501069, 2016 WL 6635939,
at *5 (Mass. Super. Sept. 23, 2016) (collecting cases).
Although STAG does not supply evidence with respect to such
factors here, it has nonetheless demonstrated that BHN engaged
in "meaningful contact" with STAG as a Massachusetts company and
the Commonwealth as a whole. CRG Fin., LLC v. Two Diamond Cap.
Corp., No. 19-CV-10182-DJC, 2020 WL 1308193, at *5 (D. Mass.
Mar. 19, 2020).  Most important in that determination is the
purposeful designation of an escrow agent and the establishment
of an escrow account in the Commonwealth to facilitate the

contract at issue.  Courts outside of this district have found that such conduct constitutes the transaction of business and therefore justifies the exercise of jurisdiction under similar state long-arm statutes. Cohen v. BMW Invs. L.P., 144 F. Supp. 3d 492, 499 (S.D.N.Y. 2015), aff'd, 668 F. App'x 373 (2d Cir. 2016)

The contacts of BHN with Massachusetts therefore played a "material role" in the contract that gave rise to the pending claims and the contract in dispute would not have come to exist "but for" that contact. Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 112 (D. Mass. 2003).  As a result, plaintiff has identified sufficient contacts of BHN with Massachusetts to satisfy the long-arm statute.

### 2.    Due process clause

Plaintiff must also demonstrate that the Court's exercise of personal jurisdiction over BHN comports with the United States Constitution. See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945).  STAG does not contend that this Court has general jurisdiction over BHN, and it is thus only necessary to determine whether specific personal jurisdiction pertains.  To support the Court's exercise of such jurisdiction, plaintiff must make an "affirmative showing" that: (1) the litigation

relates to or arises out of the defendant's contacts with the forum state, (2) defendant purposefully availed itself of the privilege of conducting business in the forum state and (3) jurisdiction over the defendant is reasonable under the circumstances. Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995); Phillip Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).

The relatedness inquiry is a "flexible, relaxed standard" that asks whether the plaintiff's claims "directly arise[] out of, or relate[] to" the defendant's activities in the forum state. Astro-Med, Inc., 591 F.3d at 9 (quotations omitted).  The standard "is functionally the same as the statutory requirement" of the Massachusetts long-arm statute. M-R Logistics, 537 F. Supp. 2d at 277.  As described supra, the contacts of BHN with STAG in Massachusetts concerning the P&S, as well as the appointment and use of the Boston office of FATIC to serve as the escrow agent for the transaction, satisfy that requirement. Defendant's alleged failure to perform contractually for the Massachusetts-based plaintiff constitutes the foundation of the litigation.  As a result, STAG's claims arise directly from the contacts of BHN with it and, as a result, with Massachusetts.

To satisfy the second requirement, a plaintiff must demonstrate that defendant's in-state contacts represent a

"purposeful availment" of the privilege of conducting business in the forum state such that it may be said the defendant invoked the benefits and protections of the forum state's laws and its involuntary presence in a court in the forum state was foreseeable. Astro-Med, Inc., 591 F.3d at 10.  While engaging in this analysis:

> the court is to look at all of the communications and transactions between the parties, before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone.

Ganis Corp. of California v. Jackson, 822 F.2d 194, 197-98 (1st Cir. 1987).  The focus is on "voluntariness and foreseeability." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005) (quotation and citation omitted).

Here, the joint appointment of an escrow agent in Massachusetts and the deposit of funds with that agent indicate that BHN intended to do business and availed itself of the privilege of conducting business in the Commonwealth.

> The purposeful available requirement ensures that

> a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or unilateral activity of another party or a third person.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations and quotations omitted).  In light of that motivation, courts have found that the designation of an in-

state escrow agent or account does not provide the basis for personal jurisdiction over an out-of-state defendant where the plaintiff unilaterally selected the escrow conditions, see Far W. Cap., Inc. v. Towne, 46 F.3d 1071, 1076 (10th Cir. 1995), or the defendant did not communicate directly with the escrow agent, see Georgia Gaming Inv., LLC v. Chicago Title & Tr. Co., No. 20-CV-2882-SHM, 2021 WL 4317276, at *4 (W.D. Tenn. Sept. 22, 2021).

In this case, by contrast, BHN knowingly agreed to appoint the Boston office of FATIC as the escrow agent for the transaction and entered into an escrow agreement with FATIC directly, ultimately depositing funds with that entity.  It was therefore foreseeable that BHN would face litigation in Massachusetts arising from the P&S and the associated in-state account.  Defendant actively and knowingly engaged in business in Massachusetts and, consequently, the requirement is satisfied. See Aerial Surveillance Sys., Inc. v. Int'l Aircraft Title & Escrow, Inc., No. CV-13-01823-PHX-SRB, 2013 WL 11826536, at *3 (D. Ariz. Dec. 19, 2013) (finding purposeful availment where out-of-state defendant served as escrow agent for plaintiff, who was in-state company, based upon "finding that [d]efendant's activities promoted the transaction of [in-state] business").

Finally, the plaintiff must demonstrate that the Court's exercise of jurisdiction is reasonable.  The Supreme Court has provided a set of "gestalt factors" to consider in evaluating reasonableness which include: (1) the defendant's burden of appearing, (2) the forum state's interest in adjudication, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in obtaining the most efficient resolution and (5) the shared societal interest in promoting fundamental substantive social policies. Burger King, 471 U.S. at 477 (1985).

Considering those factors, the Court's exercise of jurisdiction over BHN is fair and reasonable.  With respect to the first factor, courts recognize that it is often burdensome to appear in a foreign jurisdiction. See, e.g., Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 68-69 (D. Mass. 2001). For the first factor to have any significance, however, a defendant must demonstrate that the exercise of jurisdiction is "onerous in a special, unusual, or other constitutionally significant way." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994).  Defendant proffers no reason that its burden of litigating in Massachusetts is unusually onerous, particularly when BHN seeks to transfer the litigation to Pennsylvania, which is not substantially more convenient to BHN's New York offices

than Boston.  This factor therefore weighs in favor of exercising jurisdiction.

Each of the remaining factors either weighs in favor of exercising jurisdiction or does not weigh heavily in either direction.  As to the second factor, Massachusetts has an interest in adjudicating the pending dispute because it involves a Massachusetts-based corporation alleging wrongful conduct. The third factor also weighs in favor of exercising jurisdiction because STAG's chosen venue is Massachusetts and plaintiff is based here. See Sawtelle, 70 F.3d at 1395.  BHN argues that a forum more familiar with Pennsylvania law would provide a more efficient resolution of the dispute but this Court is fully capable of applying Pennsylvania contract law in this case and the parties have not suggested that there are related pending cases that would implicate other issues of judicial efficiency. See Priv. Jet Servs. Grp., Inc. v. Sky King, Inc., No. CIV.05-CV-098-JD, 2005 WL 2502704, at *5 (D.N.H. Oct. 11, 2005). Finally, the fifth factor weighs in favor of exercising jurisdiction because the most salient societal interest is the ability of Massachusetts to provide a convenient forum for its residents to redress injuries inflicted by out-of-state actors. See Sawtelle, 70 F.3d at 1395.

STAG has thus demonstrated that this Court's exercise of personal jurisdiction over BHN satisfies constitutional requirements.

### III.  <u>Motion to Transfer</u>

Notwithstanding the jurisdictional analysis, BHN moves for this Court to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought....

The parties do not dispute that STAG could have initiated litigation in federal court in Pennsylvania based upon diversity jurisdiction and the permissive forum selection clause of the P&S.

While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum and the defendant bears the burden of proving that a transfer is warranted. <u>Theophile</u> v. <u>Conklin</u>, No. 17-cv-10868, 2017 WL 3140363, at *3 (D. Mass. July 24, 2017).  Factors to be considered in determining whether transfer is appropriate include:

> (1) the plaintiff's choice of forum, (2) the relative
> convenience of the parties, (3) the convenience of the
> witnesses and location of documents, (4) any
> connection between the forum and the issues, (5) the
> law to be applied and (6) the state or public
> interests at stake.

Viatech Tech., Inc. v. Adobe Inc., No. 19-cv-11177, 2020 WL
1235470, at *2 (D. Mass. Mar. 13, 2020).  Because the forum
selection clause included in the P&S is permissive, rather than
mandatory, the Court still looks to the standard, enumerated
factors to analyze the motion to transfer.  Pierce v. Biogen U.S.
Corp., No. CV 18-12510-DJC, 2019 WL 2107278, at *4 (D. Mass. May
14, 2019).

On balance, those factors do not justify transfer.  In
terms of convenience, not one of the parties is based in
Pennsylvania nor is Pennsylvania substantially more convenient
to BHN's New York headquarters than Boston.  BHN will have to
travel no matter where the action is maintained and both the
plaintiff and FATIC avoid travel if the suit stays put.  The
convenience of witnesses and presentation of evidence similarly
favors denying the motion to transfer because two of the three
parties are based in Boston and none is based in Pennsylvania.
The first, fourth and sixth factors weigh heavily in favor of
maintaining the suit in Massachusetts because STAG is a resident
who selected this forum which, in turn, has a strong interest in

providing a convenient forum for in-state citizens to redress injuries.

The fifth factor is the only one that weighs in favor of transfer because the choice of law provision of the P&S provides that the contract is to be interpreted in accordance with Pennsylvania law.  This factor alone, however, does not outweigh the others.  While federal courts are generally considered to be better versed in the law of the state in which they sit, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981), judicial familiarity with applicable substantive law is given "significantly less weight" where the case involves "basic or well-established, as opposed to complex or unsettled" issues of state law. Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § § 3854 (4th ed.)., see Fed. Ins. Co. v. XTRA Intermodal, Inc., No. 14-14010, 2015 WL 4275181, at *7-8 (D. Mass. July 15, 2015).  There is no suggestion in the record that the law applicable to interpreting the P&S merits the latter classification.

On balance, therefore, this Court finds that the assessment pursuant to 28 U.S.C. § 1404(a) favors maintaining jurisdiction. Moreover, where, as here, the "specifics" of the out-of-state property that constitutes the subject of the underlying contract are "irrelevant" to the claims asserted, transfer to the federal

district in which that property is located is unwarranted. <u>See</u>
<u>Tuttle</u> v. <u>Jewell</u>, 952 F. Supp. 2d 203, 208 (D.D.C. 2013).

**ORDER**

For the foregoing reasons, defendant's motion to dismiss
or, in the alternative, transfer (Docket No. 5) is **DENIED.**


**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated July 7, 2022