UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STAG WILLIAMSPORT, LLC,<br><br>         **Plaintiff,**<br><br>  v.<br><br>BHN ASSOCIATES, LLC, &<br>FIRST AMERICAN TITLE INSURANCE<br>COMPANY,<br>and *in rem* against<br>**CERTAIN FUNDS HELD IN ESCROW BY THE<br>BOSTON OFFICE OF FIRST AMERICAN<br>TITLE INSURANCE COMPANY**<br>         **Defendants.** | Civil Action No.<br>1:21-cv-11958-NMG |

**PLAINTIFF/COUNTERCLAIM DEFENDANT STAG WILLIAMSPORT, LLC'S
ANSWER TO DEFENDANT/COUNTERCLAIM
PLAINTIFF BHN ASSOCIATES, LLC'S COUNTERCLAIM**

Plaintiff/Counterclaim Defendant STAG Williamsport, LLC ("STAG"), hereby answers Defendant/Counterclaim Plaintiff BHN Associates, LLC's ("BHN") Counterclaim as follows:

52. The allegations in paragraph 52 contain conclusions of law to which no response is required.

53. The allegations in paragraph 53 contain conclusions of law to which no response is required.

54. STAG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. STAG admits that it is a Delaware limited liability company with a principal place of business at One Federal Street, 23rd Floor, Boston, Massachusetts. STAG Williamsport, LLC's sole member is STAG Industrial Holdings, LLC, a Delaware limited liability company with a principal place of business at One Federal Street, 23rd Floor, Boston, Massachusetts. STAG Industrial Holdings, LLC's sole member is STAG Industrial Operating Partnership, L.P.. At the

time this case was removed to this Court, the partners of STAG Industrial Operating Partnership, L.P. were natural persons domiciled in Massachusetts, Illinois, Delaware, Florida, New Jersey, Connecticut, Kansas, New Mexico, Michigan, Rhode Island, Pennsylvania and Georgia.

56. Admit.

57. The allegations in paragraph 57 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

58. The allegations in paragraph 58 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

59. The allegations in paragraph 59 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

60. The allegations in paragraph 60 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

61. The allegations in paragraph 61 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

62. The allegations in paragraph 62 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

63. The allegations in paragraph 63 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

64. The allegations in paragraph 64 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

65. The allegations in paragraph 65 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

66. The allegations in paragraph 66 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

67. The allegations in paragraph 67 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

68. The allegations in paragraph 68 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

69. The allegations in paragraph 69 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

70. The allegations in paragraph 70 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

71. Admit.

72. The allegations in paragraph 72 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied.

73. The allegations in paragraph 73 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied. The allegations in paragraph 73 further purport to reference, characterize and/or quote correspondence between STAG and BHN, and STAG respectfully refers the Court to such correspondence for its contents. To the extent the allegations misquote and/or mischaracterize the referenced correspondence, denied.

74. The allegations in paragraph 74 purport to reference, characterize and/or quote correspondence between STAG and BHN, and STAG respectfully refers the Court to such correspondence for its contents. To the extent the allegations misquote and/or mischaracterize the referenced correspondence, denied.

75. The allegations in paragraph 75 purport to reference, characterize and/or quote correspondence between STAG and BHN, and STAG respectfully refers the Court to such correspondence for its contents. To the extent the allegations misquote and/or mischaracterize the referenced correspondence, denied.

76. Denied.

77. The allegations in paragraph 77 purport to reference, characterize and/or quote correspondence between STAG and BHN, and STAG respectfully refers the Court to such correspondence for its contents. To the extent the allegations misquote and/or mischaracterize the referenced correspondence, denied.

78. The allegations in paragraph 78 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied. The allegations in paragraph 78 further purport to reference, characterize and/or quote correspondence between STAG and BHN, and STAG respectfully refers the Court to such correspondence for its contents. To the extent the allegations misquote and/or mischaracterize the referenced correspondence, denied.

79. The allegations in paragraph 79 refer to a written document which speaks for itself. To the extent the allegations misquote and/or mischaracterize the referenced document, denied. To the extent any additional response is required, denied.

80. STAG denies that it failed to perform under the PSA or was otherwise required to adjourn the Closing Date.

81. The allegations in paragraph 81 purport to reference, characterize and/or quote correspondence between STAG and BHN, and STAG respectfully refers the Court to such

correspondence for its contents. To the extent the allegations misquote and/or mischaracterize the referenced correspondence, denied.

82. STAG repeats and incorporates by reference here its response to each and every other paragraph of the Counterclaim.

83. Admit.

84. Denied.

85. Denied.

86. STAG repeats and incorporates by reference here its response to each and every other paragraph of the Counterclaim.

87. Admit.

88. Admit.

89. Denied.

90. Admit.

91. Admit that FATIC has properly refused to release the escrow funds to BHN.

92. The allegations in paragraph 92 contain conclusions of law to which no response is required.

93. Denied.

### FIRST AFFIRMATIVE DEFENSE

Some or all of BHN's allegations fail to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Some or all of BHN's claims may be barred on account of its own fraud or inequitable conduct.

### THIRD AFFIRMATIVE DEFENSE

To the extent BHN suffered any damages (which STAG expressly denies), BHN failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of BHN's claims may be barred under the doctrine of waiver or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of BHN's claims are barred by its own material breaches of the PSA.

### SIXTH AFFIRMATIVE DEFENSE

To the extent BHN suffered any damages (which STAG expressly denies), BHN is solely responsible for any such damages

### SEVENTH AFFIRMATIVE DEFENSE

STAG reserve the right to amend or supplement its list of affirmative defenses.

**WHEREFORE**, STAG respectfully requests that the Court:

    A.    Deny BHN's prayers for relief in full;

    B.    Enter judgment in STAG's favor on all counts in BHN's Counterclaim;

    C.    Award STAG its costs, expenses, and attorneys' fees; and

    D.    Award such other and further relief as to this Court seems just and proper.

Respectfully submitted,

STAG WILLIAMSPORT, LLC
By its attorneys,

/s/ *Benjamin M. Greene*
Benjamin M. Greene, BBO# 696850
ARENTFOX SCHIFF LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
(617) 973-6100
Benjamin.Greene@afslaw.com

Date: September 21, 2022

## CERTIFICATE OF SERVICE

I, Benjamin M. Greene, hereby certify that on this 21st day of September, 2022, I caused a copy of the within document to be filed and served on all counsel of record via the electronic filing system for the U.S. District Court, District of Massachusetts.

/s/ *Benjamin M. Greene*
Benjamin M. Greene