UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
STAG WILLIAMSPORT, LLC,              :
                                     :
                    Plaintiff,       :   Case No. 1:21-cv-11958-NMG
       v.                            :
                                     :
                                     :
BHN ASSOCIATES, LLC, et al.,         :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT BHN ASSOCIATES, LLC, AND FOR AN ORDER STAYING PROCEEDINGS FOR 30 DAYS FOR DEFENDANT BHN ASSOCIATES, LLC TO FIND SUCCESSOR COUNSEL

Pursuant to Local Rule 83.5.2(c)(2), Defendant BHN Associates, LLC's ("BHN") counsel, William C. Nystrom and Patrick L. Marinaro of Nystrom Beckman & Paris LLP and Joshua M. Herman and Avery S. Mehlman of Herrick, Feinstein LLP (collectively, "BHN's Counsel"), seeks leave to withdraw as counsel of record for BHN in this action. Withdrawal is necessary because BHN has instructed BHN's Counsel that it does not want BHN's Counsel to represent it any further in this matter. Withdrawal is further necessary because of irreconcilable differences and an irretrievable breakdown in the attorney-client relationship with regard to BHN's Counsel's representation of BHN.

## BACKGROUND

This action concerns the disposition of $450,000 held in escrow by this Court arising from an unconsummated purchase and sale agreement between Plaintiff STAG Williamsport LLC ("STAG," the seller) and BHN (the buyer) for property located in Pennsylvania.

Pursuant to the Scheduling Conference held on December 19, 2022 (Dkt. No. 41), the parties have completed initial disclosures, exchanged requests for document production, and served responses

and objections to the document requests. Affidavit of Joshua M. Herman ("Herman Aff.") ¶ 10. Neither party has begun producing documents. *Id*.

STAG has also served BHN with Requests for Admissions, Interrogatories, and a FRCP 30(b)(6) Notice of Deposition. BHN has not responded to these discovery requests. *Id*. ¶¶ 11-12.

On June 14, 2023, a representative of BHN informed BHN's Counsel via telephone that BHN did not want BHN's Counsel to represent it any further in this action. *See* Herman Aff. ¶ 4. BHN instructed BHN's Counsel (i) to seek STAG's consent to a 30-day stay so that BHN could obtain new counsel, or, (ii) if Plaintiff's counsel would not consent to a stay, to move to withdraw as counsel. *Id.*

In addition, BHN's Counsel has determined that BHN and BHN's Counsel have irreconcilable differences and an irretrievable breakdown in the attorney-client relationship regarding BHN's Counsel's representation of BHN in this matter. *See id*. ¶ 5. These issues involve difficulties in communicating with respect to discovery and legal strategy that have impaired BHN's Counsel's ability to effectively represent BHN, as well as outstanding invoices for legal services. *Id*.

On June 14, 2023, BHN's Counsel notified STAG that BHN's Counsel had been instructed to cease representing BHN in this matter and requested Plaintiff's consent to a 30-day stay so that BHN can obtain successor counsel. *Id*. ¶ 6. STAG's counsel responded that STAG would not consent to a stay. *Id*. ¶ 7. On June 22, 2023, STAG filed a motion, *inter alia*, to compel discovery responses from BHN. *See* Dkt. No. 55. Opposition to this motion is due July 6, 2023.

**ARGUMENT**

Where no successor counsel has been appointed to represent a party, withdrawal of an attorney's appearance requires "leave of court . . . for good cause shown." L.R. 83.5.2(c)(2). The Court's decision whether or not to accept a withdrawal of an appearance under Rule 83.5.2(c)(2) is "an issue left to its sound discretion." *Miller v. Dunn & Phillips, P.C.,* 839 F. Supp. 2d 383, 385 (D. Mass. 2011). "In considering a motion to withdraw, a court may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal in the efficient administration of justice." *Hayes*

*v. CRGE Foxborough, LLC,* No. 13-12014-DJC, 2015 WL 13680856, at *1 (D. Mass. Apr. 29, 2015). Because "[c]orporations are unable to appear pro se," the Court should also examine the potential adverse consequences to an unrepresented corporate party. *See Met. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc.,* No. 15-12939-LTS, 2018 WL 4870903, at *2 (D. Mass. Aug. 17, 2018).

Mass. R. Prof'l. Cond. 1.16(a)(3) states that a lawyer "shall not represent a client . . . or shall withdraw from the representation of a client if: . . . (3) the lawyer is discharged." Except in extreme circumstances, *see, e.g.*, *Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2d 383, 387 (D. Mass. 2011) (denying motion to withdraw from discharged attorney where the discharge occurred mere weeks before trial), "[t]here is no requirement of law or common sense that a court compel counsel to continue to represent a former client when there has been a termination of the attorney client relationship before trial by mutual consent." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985).

Mass. R. Prof'l. Cond. 1.16(b)(6) further provides that a lawyer "may withdraw from representing a client if … the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Comment 8 to rule 1.16 goes even further: "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, *such as an agreement concerning fees or court costs*" (emphasis added). *See also Phantom Ventures LLC v. Depriest*, No. 15-CV-13865-IT, 2017 WL 1147448, at *1 (D. Mass. Mar. 27, 2017) (permitting withdrawal of counsel owed over $46,000 in legal fees that were outstanding for eight months, and where difficulties in communication rendered representation "unnecessarily difficult").

These provisions of the Massachusetts Rules of Professional Conduct support the withdrawal of BHN's Counsel from representing BHN in this action. Not only has BHN's Counsel been instructed by BHN to cease representing BHN, Herman Aff. ¶ 4, but there has been an irreversible breakdown in the attorney-client relationship caused by unreasonable difficulties in communication and long-outstanding invoices for legal fees. *See* Herman Aff. ¶¶ 5. It would be inequitable to require BHN's Counsel to continue incurring fees on behalf of BHN without any arrangement for payment.

Moreover, withdrawal will not prejudice BHN or STAG, nor cause significant delay or inefficiencies in the administration of justice. So long as a brief 30-day stay of proceedings is also granted, BHN will not be prejudiced by withdrawal of counsel, because BHN has specifically instructed BHN's Counsel to withdraw. As for STAG, a 30-day stay of proceedings is a relatively short period of time that will not cause any significant delays, insofar as neither party has begun document production, much less taken depositions, and trial is not scheduled until November 2023. Nor would a brief stay have any impact on the merits of STAG's pending motion to compel—indeed, until BHN retains successor counsel, BHN would not be able to respond *pro se* to STAG's motion. *See* Local Rule 83.5.2(d) ("The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney."). A brief stay to allow BHN to retain successor counsel is therefore essential to the efficient administration of justice.

## CONCLUSION

For the foregoing reasons, the Court should grant leave to BHN's Counsel to withdraw their appearances on behalf of BHN and order a stay of proceedings for thirty days so that BHN can identify successor counsel.

| | |
|---|---|
| Dated:  June 27, 2023<br>          New York, New York | **HERRICK, FEINSTEIN LLP**<br><br>By:  /s/ *Joshua M. Herman*_____<br>      Avery Mehlman (*pro hac vice*)<br>      Joshua Herman (*pro hac vice*)<br>      2 Park Avenue<br>      New York, NY 10016<br>      Tel: (212) 592-1400<br>      Fax: (212 545-5074<br>      amehlman@herrick.com<br>      jherman@herrick.com<br><br>**NYSTROM BECKMAN & PARIS LLP**<br>William C. Nystrom (BBO #559656)<br>Patrick L. Marinaro (BBO #683280)<br>One Marina Park Drive, 15th Floor<br>Boston, Massachusetts 02210<br>Tel: (617) 778-9100<br>Fax: (617) 778-9110<br>wnystrom@nbparis.com<br>pmarinaro@nbparis.com<br><br>*Attorneys for BHN ASSOCIATES, INC.* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, a true and correct copy of the above document was electronically filed with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that services will be accomplished by the CM/ECF system. I further certify that a copy of the above document was served via email and Federal Express on an authorized representative of Defendant BHN Associates, LLC.

/s/ *Joshua M. Herman*_____
    Joshua M. Herman