UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STAG WILLIAMSPORT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-11958-NMG |
| ) | |
| BHN ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION ON MOTION TO WITHDRAW AS COUNSEL
[Docket No. 57]

July 11, 2023

On June 27, 2023, William C. Nystrom and Patrick L. Marinaro of Nystrom Beckman & Paris LLP and Joshua M. Herman and Avery S. Mehlman of Herrick, Feinstein LLP (collectively "BHN's Counsel"), filed a motion to withdraw as counsel for defendant BHN Associates, LLC and for a thirty-day stay to allow BHN to obtain successor counsel. Docket No. 57. For the following reasons, I recommend that Judge Gorton grant the motion as modified below.[1]

I.   BACKGROUND AND PROCEDURAL HISTORY

This case arises from an unsuccessful real estate transaction between STAG Williamsport, LLC and BHN. The two parties entered into an agreement for the purchase and sale of property, but the transaction was not completed. STAG brings claims for breach of

---

[1] On June 30, 2023, Judge Gorton referred the instant motion to the undersigned. Docket No. 61. As explained below, if BHN's Counsel are permitted to withdraw and BHN does not retain substitute counsel, a default judgment could enter against BHN because a limited liability company may not appear pro se. I therefore issue a report and recommendation given the potentially dispositive nature of the motion.

contract and breach of the implied covenant of good faith and fair dealing against BHN.  Docket No. 1-3 at 6.

On June 22, 2023, STAG filed a motion to compel discovery responses which is currently pending.  Docket No. 55.  On June 27, 2023, BHN's Counsel filed the instant motion, which STAG opposed on June 29, 2023.  Docket Nos. 57, 60.  This Court held a hearing on July 10, 2023.

II.     ANALYSIS

Pursuant to Local Rule 83.5.2, an attorney may withdraw from a case by serving a notice of his withdrawal on his client and all other parties, provided that: (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date or evidentiary hearings have been set; and (4) no reports, oral or written, are due.  L.R. 83.5.2(c).  Because successor counsel has not entered an appearance in this case, counsel may withdraw only with leave of court.  Id.

An attorney's motion to permissively withdraw "is a matter addressed to the discretion of the trial court."  Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985).  "There is no requirement of law or common sense that a court compel counsel to continue to represent a former client when there has been a termination of the attorney client relationship before trial by mutual consent . . . ."  Id.

Here, BHN's Counsel have moved to withdraw on the basis of an irreparable breakdown in the attorney-client relationship.  Specifically, Attorney Herman states that "[o]n June 14, 2023, BHN informed me during a phone call that BHN did not want BHN's Counsel to represent it any further in this matter."  Docket No. 58 ¶ 4.  He also asserts that:

> In addition to BHN's instruction, I have also determined that BHN and BHN's

2

> Counsel have irreconcilable differences and an irretrievable breakdown in the attorney-client relationship with regard to BHN's Counsel's representation of BHN in this matter. I am constrained by attorney-client privilege to disclose details of these issues. But generally, they arise from unreasonable difficulties in communicating with respect to discovery and legal strategy, and from unpaid invoices outstanding for many months.

Id. ¶ 5.

Based on BHN's Counsel's representations, I find that the standard for an irretrievable breakdown has been satisfied. Accordingly, I recommend that Judge Gorton grant the motion to withdraw as counsel.

I note, however, that limited liability companies are unable to appear pro se, and a court will not recognize the appearance of such an entity unless it is accompanied by the appearance of at least one attorney. L.R. 83.5.2(b) and 85.5.5(c); see also VFC Partners 26, LLC v. Cadlerocks Centennial Drive, LLC, No. CV 10-12019-NMG, 2015 WL 4572236, at *1 (D. Mass. July 29, 2015). Accordingly, BHN should be advised that failure to retain successor counsel may result in both a dismissal of its counterclaims and default judgment against it with respect to STAG's claims. Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997).

III.  RECOMMENDATION

For the foregoing reasons, I recommend that the motion to withdraw as counsel to BHN be granted as follows:

1. BHN's Counsel shall provide a copy of this order to BHN;
2. BHN's Counsel shall file a status report indicating the manner and date by which it provided BHN with a copy of this order, as well as contact information for BHN, including an address and telephone number; and
3. BHN shall have thirty days to obtain successor counsel and/or file with the Court a status report with regards to its efforts to do so. BHN is advised that if it does not

obtain successor counsel and/or file a status report within the specified time frame, then STAG may file a motion seeking default on its claims, and/or other appropriate relief.

4. For those thirty days, the case, including a response to the pending motion to compel, shall be stayed.

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal\
JENNIFER C. BOAL\
United States Magistrate Judge

4