UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STAG WILLIAMSPORT, LLC,<br><br>                              Plaintiff,<br>   v.<br><br>BHN ASSOCIATES, LLC,<br><br>                              Defendant. | Civil Action No.<br>1:21-cv-11958-NMG |

### PLAINTIFF STAG WILLIAMSPORT, LLC'S MOTION TO DISMISS BHN ASSOCIATES, LLC'S COUNTERCLAIMS FOR FAILURE TO PROSECUTE AND RENEWED MOTION FOR ENTRY OF DEFAULT.

Defendant and Counterclaimant BHN Associates, LLC ("BHN") has unduly delayed this matter, failed to adhere to any of its discovery obligations, provided misleading statements to this Court, and made no serious effort to either pursue its counterclaims and/or defendant against Plaintiff STAG Williamsport, LLC's ("STAG") claims. Consequently, this Court should dismiss BHN's counterclaims, with prejudice, for failure to prosecute, and enter a default against BHN on STAG's claims.

### BACKGROUND

1. This case is about the disposition of $450,000.00 being held in escrow by this Court. On June 7, 2021, STAG entered into a contract for the sale of real estate with BHN. The contract required BHN to deposit certain funds into an escrow account ("Escrowed Funds"), which, in the event BHN defaulted, STAG was entitled to keep.

2. In August of 2021, BHN, without justification, refused to close on the sale, and subsequently refused to allow the Escrowed Funds to be released to STAG.

3. In October 2021, STAG filed suit in Massachusetts state court, seeking the release of the Escrowed Funds and related attorney's fees.

4. BHN, after failing to timely respond to STAG's verified complaint or its motion to have the Escrowed Funds deposited into the Massachusetts Superior Court, removed the action to this Court.

5. BHN subsequently filed motions to dismiss the action for lack of personal jurisdiction or transfer the action to Pennsylvania. On July 7, 2022, the District Court denied BHN's motions, resoundingly rejecting all of BHN's arguments, and holding that personal jurisdiction existed because BHN "actively and knowingly engaged in business in Massachusetts." *See* Doc. 21.

6. On August 31, 2022, after receiving multiple extensions (which STAG opposed), BHN filed its Answer as well as Counterclaims against STAG.

7. On October 17, 2022, this Court granted a motion to have the escrow agent deposit the Escrowed Funds to this Court, and dismissing the escrow agent from this case. *See* Docs. 33 and 34.

### A. BHN FAILS TO RESPOND TO DISCOVERY REQUESTS

8. On December 20, 2022, this Court issued a scheduling order requiring that: written discovery be served by April 30, 2023 and answered by May 31, 2023; that all fact depositions and fact discovery be completed by June 30, 2023; and that dispositive motions be filed by July 31, 2023. See Doc. 41.

9. On January 27, 2023, STAG served BHN with requests for production ("RFP")[1].

10. BHN subsequently requested multiple extensions of their time to respond to the RFPs based on their representations that one of their key principals was sick.

---

[1] STAG incorporates the Exhibits contained in its June 22, 2023 Motion to Compel. *See* Doc. 55.

11. On April 5, 2023, BHN served its answers and objections to the RFPs.

12. On April 12, 2023, counsel for STAG and BHN had a conference to discuss BHN's various objections to the RFPs. During that call BHN's counsel represented that responsive documents would be produced in two to three weeks.

13. On April 28, 2023, STAG served BHN with its First Set of Interrogatories and First Requests for Admissions ("RFAs").

14. On May 15, 2023, counsel for STAG requested a conference regarding BHN's continued failure to produce any documents. BHN did not respond to this request.

15. On May 22, 2023, counsel for STAG again requested a conference regarding BHN's continued failure to produce any documents.

16. On May 24, 2023, counsel for STAG and BHN held a phone conference in which BHN's counsel represented that they had been unable to make contact with their client and that they may file a motion to withdraw as counsel. Consequently, counsel for BHN could not provide any update on when responsive documents would be produced, nor could they commit to timely answering the Interrogatories and RFAs.

17. On May 24, 2023, STAG served BHN with a 30(b)(6) notice to appear for a deposition on June 27, 2023.

18. On June 1, 2023, counsel for STAG requested an update regarding the potential motion to withdraw, and as well as the status of BHN's answers to Interrogatories and RFS, which by then were also overdue.

19. On June 14, 2023, BHN's counsel notified STAG that they had been instructed to cease work on the case, and requested that STAG assent to a thirty-day stay so that it could

withdraw from representing BHN and BHN could acquire new counsel. STAG refused to assent to such a motion, as it would result in an unnecessary and inexcusable delay of the case.

20. On June 22, 2023, STAG filed its Motion to Compel. *See* Doc. 55. BHN's Opposition was due July 6, 2023.

21. To date BHN has failed to: (1) provide any responsive documents; (2) provide any answers to interrogatories; (3) provide any answers to the RFA; and (4) to commit to attending the noticed deposition.

22. Discovery in this case was scheduled to close on June 30, 2023 and dispositive motions were scheduled to be filed by July 31, 2023. See Doc. 41.

### B. BHN'S COUNSEL WITHDRAWS

23. On June 27, 2023, Counsel for BHN filed their Motion to Withdraw as Counsel and Stay Proceedings ("Motion to Withdraw").

24. On July 11, 2023, Judge Magistrate Boal issued her Report and Recommendation in which she allowed the Motion to Withdraw. Doc. No. 68.

25. The Report and Recommendation specifically stated that "BHN should be advised that failure to retain successor counsel may result in both a dismissal of its counterclaims and default judgment against it with respect to STAG's claims." *Id.* at p. 1. The Report and Recommendation also stated that "BHN is advised that if it does not obtain successor counsel and/or file a status report within the specified time frame, then STAG may file a motion seeking default on its claims, and/or other appropriate relief." *Id.* at p. 3-4.

26. On August 1, 2023, this Court adopted the Report and Recommendation. Doc. No. 72.

27. On August 16, 2023, BHN filed a Motion to extend the time for it to obtain local counsel until September 6, 2023, which this Court granted.

28. On September 6, 2023, BHN filed a report stating that it had obtained local counsel (who it did not identify) and that such "counsel will be making an appearance within the next couple of days." *See* Doc. No.77

29. On September 7, 2023, STAG filed its Motion for Entry of Default

30. As of today, no counsel has made an appearance for BHN.

31. As of today, BHN has not responded to STAG's Motion to Compel.

32. As of today, BHN has not responded to STAG's Motion for Entry of Default.

## ARGUMENT

"In this district, it is the rule that corporations cannot litigate *pro se*." *Hasbro, Inc. v. Serafino*, 966 F.Supp. 108, 110 (D.Mass.,1997); L.R. 83.5.2(b) and 85.5.5(c).  After nearly two years of delaying and obstructing progress in the matter, BHN's counsel were forced to move to withdraw their representation.  Upon granting the Motion to Withdraw, this Court clearly warned BHN that its failure to timely obtain, and have an appearance made by, successor counsel would result in the entry of default against it. Despite being granted an extension, BHN has failed to timely enter an appearance by successor counsel.  Worse still, BHN blatantly misrepresented to this Court that it had obtain successor counsel and that such counsel would be making an appearance "within the next couple of days."

Additionally, BHN has failed to adhere to any of its discovery obligations and has made no effort to oppose or otherwise challenge STAG's Motion to Compel and Motion for Entry of Default.  In sum, BHN has abandoned its defense of STAG's claims and its prosecution of its counterclaims.  In addition to entering a default against BHN on STAG's claims, this Court should

also dismiss BHN's counterclaims, with prejudice, for failure to prosecute. *See James v. Massachusetts*, 2018 WL 1156228, at *1 (D.Mass., 2018) ("Without plaintiff's active participation, the court cannot effect the advancement of the case to a resolution on the merits.").

## CONCLUSION

For the foregoing reasons, STAG respectfully requests that a default be entered against BHN and BHN's counterclaims be dismissed with prejudice for failure to prosecute.

> Respectfully submitted,
>
> STAG WILLIAMSPORT, LLC
> By its attorneys,
>
> /s/ *Benjamin M. Greene*
> Benjamin M. Greene, BBO# 696850
> James H. Hulme, *admitted PHV*
> ArentFox Schiff LLP
> Prudential Tower
> 800 Boylston Street
> Boston, MA 02199-8004
>  (617) 973-6100
> benjamin.greene@afslaw.com
> james.hulme@afslaw.com

Date: October 2, 2023

## **CERTIFICATE OF SERVICE**

I, Benjamin M. Greene, hereby certify that on this 2nd day of October, 2023, I caused a copy of the within document to be filed and served on all counsel of record via the electronic filing system for the U.S. District Court, District of Massachusetts.

Additionally, I caused a copy of the within document to be sent via first class mail to the Defendant at:

BHN Associates LLC
Attn: Mordy Wider
240 Adar Ct.
Monsey, NY 10952

/s/ *Benjamin M. Greene*___
Benjamin M. Greene